**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD MOORE, | CASE NO. 1:11-cv-00172-LJO-SKO |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO AMEND** |
| v. | (Docket No. 34) |
| JASWINDER SINGH SIDHU, et al., | |
| Defendants. | |
| _____/ | |

## I. INTRODUCTION

On February 24, 2012, Plaintiff Ronald Moore ("Plaintiff") filed a motion for leave to file a first amended complaint. (Doc. 34.) On March 23, 2012, Defendants Jaswinder Singh Sidhu ("Sidhu") and Kasmira Singh Narwal ("Narwal") dba Scotty's Liquor Store filed a statement of non-opposition to Plaintiff's motion. (Doc. 42.) Defendant Louis A. Gomez, Co-Trustee of the Louis A. Gomez and Lydia A. Gomez Revocable Living Trust Dated May 4, 2007, ("Gomez") did not file an opposition.

The Court has reviewed the motion and supporting documents and has determined that this matter is suitable for decision without oral argument pursuant to Local Rule 230(g); as such, the

hearing currently scheduled for April 18, 2012, is VACATED. For the reasons set forth below, Plaintiff's motion to file an amended complaint is GRANTED.

## II. BACKGROUND AND PROCEDURAL HISTORY

On January 31, 2011, Plaintiff filed a complaint against Defendants Sidhu, Narwal, Gomez, and Lydia A. Gomez, Co-Trustee of the Louis A. Gomez and Lydia A. Gomez Revocable Living Trust Dated May 4, 2007, ("Lydia"), alleging causes of action under the American with Disabilities Act of 1990, the Disabled Persons Act, the Unruh Civil Rights Act, and for Denial of Full and Equal Access to Public Facilities. (Doc. 2.) On February 22, 2011, Defendant Gomez filed an answer, and on March 7, 2011, Defendants Sidhu and Narwal filed an answer.[1] (Docs. 6, 15.)

A scheduling conference was held on November 29, 2011, and the Court issued a scheduling order on December 2, 2011. (Docs. 29, 32.) The scheduling order provided that any requests to amend the pleadings must be filed by February 24, 2012. (Doc. 32, 2:6-16.)

On February 17, 2012, an inspection of Defendants' facility was conducted by a California Certified Access Specialist. (Doc. 34-3, Moore Decl., ¶ 2.) On February 24, 2012, Plaintiff's counsel received the Specialist's report identifying all accessibility barriers. (Doc. 34-3, Moore Decl., ¶ 2.) On that date, Plaintiff filed the instant motion to amend. (Doc. 34.)

A settlement conference was held on March 22, 2012. (Doc. 40.) The case did not settle, but a further settlement conference was scheduled for April 11, 2012. (Doc. 40.) As such, the hearing on Plaintiff's motion to amend, originally scheduled for April 4, 2012, was continued to April 18, 2012, to allow for ongoing settlement negotiations. (Doc. 41.)

On April 9, 2012, the parties filed a stipulation and proposed order requesting that the settlement conference set for April 11, 2012, be continued to June 5, 2012, to allow the parties additional time to "meaningfully participate in the settlement discussions." (Doc. 43, 2:1-2.) The Court approved the stipulation and continued the settlement conference. (Doc. 44.) Accordingly, the Court now considers Plaintiff's motion to amend. (Doc. 34.)

---

[1] Defendant Lydia was dismissed from the case on November 30, 2011. (Doc. 31.)

2

### III. DISCUSSION

The Court issued a scheduling order on December 2, 2011, stating that "[a]ny motions or stipulations requesting leave to amend the pleadings must be filed by no later than 2/24/2012." (Doc. 32, 2:8-9.) The parties were advised that "[a]ll proposed amendments must (A) be supported by good cause pursuant to Fed. R. Civ. P. 16(b) if the amendment requires any modification to the existing schedule, . . . and (B) establish, under Fed. R. Civ. P. 15(a), that such an amendment is not (1) prejudicial to the opposing party, (2) the product of undue delay, (3) proposed in bad faith, or (4) futile." (Doc. 32, 2:11-16 (citations omitted).)

**A.   Plaintiff Exhibited Diligence and Good Cause as Required under Federal Rule of Civil Procedure 16(b)**

**1.   Legal Standard**

Federal Rule of Civil Procedure 16(b) provides that the district court must issue a scheduling order that limits the time to join other parties, amend the pleadings, complete discovery, and file motions. Fed. R. Civ. P. 16(b)(1)-(3). Once in place, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" requirement of Rule 16 primarily considers the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* (internal citation and quotation marks omitted).

Good cause may be found to exist where the moving party shows, for example, that it: (1) diligently assisted the court in recommending and creating a workable scheduling order, *see In re San Juan Dupont Plaza Hotel Fire Litig.*, 111 F.3d 220, 228 (1st Cir. 1997), (2) is unable to comply with the deadlines contained in the scheduling order due to issues not reasonably foreseeable at the time of the scheduling order, *see Johnson*, 975 F.3d at 609, and (3) was diligent in seeking an amendment once the party reasonably knew that it could not comply with the scheduling order, *see Eckert Cold Storage, Inc. v. Behl*, 943 F. Supp. 1230, 1233 (E.D. Cal. 1996); *see also Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999). "If [the] party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609. If the Court finds that there is good cause to modify the

3

schedule, the court then turns to Rule 15(a) to determine whether the amendment sought should be granted. *Jackson*, 186 F.R.D. at 607 ("As the Ninth Circuit explained in [*Johnson*], once the district court has filed a pretrial scheduling order pursuant to Rule 16 which establishes a timetable for amending pleadings, a motion seeking to amend pleadings is governed first by Rule 16(b), and only secondarily by Rule 15(a).").

**2.    Analysis**

As a scheduling order issued in this action (Doc. 32), the "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Whether good cause exists to modify a scheduling order rests on whether the party seeking the modification has been diligent. *See Johnson*, 975 F.2d at 609. Here, Plaintiff brought this motion within the time constraints set forth by the Court in the scheduling order (Doc. 32, 2:6-16), and did not unduly delay in seeking amendment.

Plaintiff indicates that, although the scheduling order was issued on December 2, 2011, "[d]ue to holiday and vacation schedules and the notice requirement under Federal Rule of Civil Procedure 34(a)(2), the site inspection [of Defendants' facility] did not take place until February 17, 2012, and the accessibility report was not received from the consultant until the morning of February 24, 2012. (Doc. 34-1, 2:15-18; *see also* Doc. 34-3, Moore Decl., ¶ 2.) After reviewing the accessibility report, Plaintiff determined that there were additional barriers related to his disability claims. (*See* Doc. 34-1, 3:18-26.) As February 24, 2012, was the Court-imposed deadline to file a request to amend the pleadings (Doc. 32, 2:6-16), Plaintiff's counsel attempted to contact Defendants' counsel regarding a stipulated filing. (Doc. 34-3. Moore Decl., ¶ 3.) Plaintiff's counsel was able to procure a conditional approval from counsel for Defendants Sidhu and Narwal, but was unable to reach counsel for Defendant Gomez. (Doc. 34-3, Moore Decl., ¶ 3.) As such, Plaintiff filed the instant motion.

Additionally, Plaintiff is not currently seeking to modify the schedule. Pursuant to the April 9, 2012, stipulation to continue the settlement conference, the parties are currently obtaining information to "meaningfully participate in settlement discussions." (Doc. 43, 1:26-2:2.) The parties have not requested any scheduling modifications at this time.

1  As Plaintiff is not seeking to modify the scheduling order, brought this motion within the
2  time period authorized by the Court, and filed the motion on the date that Plaintiff determined that
3  amendment was proper, Plaintiff has been diligent in seeking amendment of the complaint. As such,
4  Plaintiff has shown good cause to request amendment. Thus the Court turns to Rule 15(a) to
5  determine whether the amendment sought should be granted. *Jackson*, 186 F.R.D. at 607.

6  **B.    Plaintiff's Amendment is Warranted Under Federal Rule of Civil Procedure 15(a)**

7  **1.    Legal Standard**

8  Federal Rule of Civil Procedure 15 provides that a party may amend its pleading only by
9  leave of court or by written consent of the adverse party and that leave shall be freely given when
10 justice so requires. Fed. R. Civ. P. 15(a)(1)-(2). The Ninth Circuit has instructed that the policy
11 favoring amendments "is to be applied with extreme liberality." *Morongo Band of Mission Indians*
12 *v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

13 The factors commonly considered to determine the propriety of a motion for leave to amend
14 are: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, and (4) futility of amendment.
15 *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Ninth Circuit has held that it is the consideration
16 of prejudice to the opposing party that carries the greatest weight. *Eminence Capital, LLC v. Aspeon,*
17 *Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Absent prejudice, or a strong showing of any of the
18 remaining *Foman* factors, a presumption in favor of granting leave to amend exists under Rule 15(a).
19 *Id.* Further, undue delay alone is insufficient to justify denial of a motion to amend. *Bowles v.*
20 *Reade*, 198 F.3d 752, 758 (9th Cir. 1999). Finally, "liberality in granting leave to amend is not
21 dependent on whether the amendment will add causes of action or parties." *DCD Programs, Ltd.*
22 *v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). *Contra Union Pac. R.R. Co. v. Nev. Power Co.*,
23 950 F.2d 1429, 1432 (9th Cir. 1991) ("Amendments seeking to add claims are to be granted more
24 freely than amendments adding parties.").

25 **2.    Analysis**

26 Plaintiff is seeking to amend the complaint to add additional barriers to access that were
27 identified during the accessibility inspection. Plaintiff's counsel indicates that "Plaintiff does not
28 seek to amend his complaint for any reason other than to list all barriers which relate to his disability

1  and to provide sufficient particularity in such identification to provide proper notice to Defendants."
2  (Doc. 34-3, Moore Decl., ¶ 4.)
3        Plaintiff is not seeking the amendment in bad faith, as he provides a credible reason to amend
4  the complaint so that all access issues can be addressed. *See Doran v. 7–Eleven, Inc.*, 524 F.3d 1034,
5  1047 (9th Cir.2008) ("An ADA plaintiff who has Article III standing as a result of at least one barrier
6  at a place of public accommodation may, in one suit, permissibly challenge all barriers in that public
7  accommodation that are related to his or her specific disability.").  There is not an undue delay in
8  Plaintiff's request to amend, as the motion was filed the day that Plaintiff received the inspection
9  report identifying additional accessibility barriers. (Doc. 34-3, Moore Decl., ¶ 2.)  There appears to
10 be no prejudice to Defendants, nor does Plaintiff's amendment appear to be futile, as Defendants
11 Sidhu and Narwal filed a statement of non-opposition (Doc. 42), and Defendant Gomez does not
12 oppose Plaintiff's motion.  Further, "no prejudice to Defendants is likely where the amendments do
13 not change the nature of the action and relate to the alleged violations in the original complaint."
14 *Moore v. CNC Apex Corp.*, No. 1:10cv01687 LJO DLB, 2011 WL 2473285, at *2 (E.D. Cal. Jun.
15 21, 2011).
16       As such, Plaintiff's motion to file an amended complaint is GRANTED.

### IV.   CONCLUSION AND ORDER

18  Accordingly, IT IS HEREBY ORDERED that:
19  1.   The hearing on Plaintiff's motion to amend scheduled for April 18, 2011, is
20       VACATED;
21  2.   Plaintiff's motion to amend his complaint is GRANTED;
22  3.   Plaintiff shall file the first amended complaint within two (2) days from the date of
23       this order; and
24  4.   Defendants shall have twenty-one (21) days from the date Plaintiff files the first
25       amended complaint to file a responsive pleading.
26 IT IS SO ORDERED.
27 **Dated:   April 12, 2012**             /s/ Sheila K. Oberto
                                           UNITED STATES MAGISTRATE JUDGE
28